SHORES, Justice.
Plaintiffs-appellants filed an action for declaratory judgment and injunctive relief against Regal Development Company and the Town of Hoover challenging the validity of an ordinance annexing certain property to the Town of Hoover, the validity of a zoning ordinance affecting that property, and the validity of a building permit issued by the Town of Hoover permitting the construction of apartments on the property. The last two actions by the Town of Hoover are conceded to be valid if the annexation ordinance is valid.
The trial court entered its order in favor of defendants-appellees. We affirm.
In 1968, the Town of Hoover adopted a comprehensive zoning ordinance. In November, 1971, Mitchell Joseph petitioned the Town of Hoover for the annexation of the property involved in this litigation. Annexation was sought pursuant to Act No. 32, First Special Session of Alabama 1964, approved August 24, 1964, page 54. That act provides that, when all of the property owners of property contiguous to the city limits shall file a petition asking that their property be annexed and the governing body of the city passes an ordinance assenting to the annexation of the property, the corporate limits of the city shall be rearranged to include such contiguous property. Section 4 of Act No. 32 provides, in pertinent part:
“The said petition shall be published one time in a newspaper of general circulation in the county together with a notice that on a day certain, but not less than 90 days from the date of such publication, the governing body of such municipality will consider the adoption of an ordinance annexing such territory to the municipality. . . . After the expiration of 90 days from the date of publica *786 tion of said ordinance the territory shall become a part of the corporate area of such municipality and such action of the governing body of the municipality shall not be subject to attack or impeachment in any court after one year from the effective date of such ordinance.”
Mr. Joseph filed his petition for annexation of his property in November, 1971, and advised the attorney for the Town of Hoover that any documents necessary for annexation would be signed, provided the town rezoned the property for apartments. The attorney advised the mayor of Hoover that the Town of Hoover could not commit itself in advance of the annexation to rezone the property.
In January, 1972, the Town of Hoover passed a resolution ordering a public hearing to be held on April 17, 1972, to consider Mr. Joseph’s petition to annex his property. At that meeting, the town council informally agreed that the appropriate zoning of the subject property would be changed to R-3, multi-family. That resolution also provided that notice of the public hearing on the annexation petition be posted in three prominent places within the town. Thereafter, on April 17, 1972, the town council passed Ordinance No. 55 annexing the property pursuant to Act No. 32, supra, and this ordinance was posted in three prominent places within the town. This ordinance was filed with the Probate Judge of Jefferson County. Thereafter, on July 17, 1972, the town council adopted Ordinance No. 60-A which rezoned the property to R-3, multifamily.
In February, 1973, Mitchell Joseph and wife conveyed this property to Regal Development Company. Sometime in 1973, the Town of Hoover issued a building permit to Regal for a 60-unit condominium complex on the subject property. Some work was done at that time, but not completed. A plan for the present apartment complex was submitted to the town council and approved by it in December, 1975. Construction was commenced in 1976.
It was stipulated that none of the plaintiffs became residents of the Town of Hoover until after May, 1974. It was also stipulated that a majority of the plaintiffs, if not all of them, became aware that the property involved was zoned for apartments in 1973.
In its final order upholding the validity of the ordinance annexing this property to the Town of Hoover, the trial court found:
“3. . . . the Court finds that Plaintiffs have failed to meet the burden of proof of establishing the invalidity of the ordinance of Defendant, City (sic, Town) of Hoover, annexing the subject property into its boundaries. The said ordinance appears to be regular and valid on its face, and the Court hereby finds that there was insufficient evidence to establish any fatal defect in the procedure utilized by the Defendant, City (sic, Town) of Hoover, in effectuating the said annexation. The Court further finds that Plaintiffs had knowledge of the annexation of the subject property into the City (sic, Town) of Hoover within one year after its annexation. They failed to complain of any defect which might have existed in such proceedings within the said year. Under the provisions of Act 32 of the Legislature, such claim was barred after the passage of one year from the adoption of said ordinance.
“4. The court finds that Plaintiffs have failed to carry the burden of proof of establishing the invalidity of Ordinance 60-A adopted by Defendant City (sic, Town) of Hoover on July 17, 1972
The gist of the plaintiffs’-appellants’ argument is that the annexation ordinance was invalid because the Town of Hoover failed to follow the mandate of Act No. 32, supra, in that it did not publish the petition to annex in a newspaper of general circulation in the county and that, therefore, all subsequent acts are invalid. It is not disputed that the ordinance was passed by the town council and was published by posting in three prominent places within the Town of Hoover for five days. A careful reading of Act No. 32 will indicate that it provides that the petition is to be published in a *787 newspaper. It does not require that the ordinance of annexation be published in that manner. Title 37, § 462(b), Code of Alabama Recompiled, 1973 Cumulative Supplement, provides:
“All ordinances of a general or permanent nature, except as hereinafter provided, shall be published in some newspaper of general circulation published in the municipality, but if no such newspaper is published in the municipality, such ordinances may be published by posting copies thereof in three public places within the municipality . . .”
It is not disputed that the ordinance annexing the subject property was published pursuant to this statute. It is further undisputed that the rezoning of the property was properly published in accordance with this statute.
The zoning ordinance is, therefore, valid on its face, and the trial court correctly held that the plaintiffs failed to carry the burden of proving its invalidity. Walls v. City of Guntersville, 253 Ala. 480, 45 So.2d 468 (1950).
Additionally, we agree with the trial court that these plaintiffs have waited too long to bring their challenge. Act No. 32 clearly states that the action of a municipality annexing property pursuant to that act “. . . shall not be subject to attack or impeachment in any court after one year from the effective date of such ordinance.” The annexation ordinance was passed on April 17,1972. The plaintiffs-appellants offer no explanation for delaying four years to question the validity of the action taken by the Town of Hoover. The trial court correctly held that Act No. 32 precludes an action questioning the validity of these ordinances, valid on their face, at this late date.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER and BEATTY, JJ., concur.